NBKBHEYC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

        v.                                23 Cr. 346 (JPC)

SANDY CARAZAS-PINEZ,

          Defendant.

                                       Conference
------------------------------x

                                       New York, N.Y.
                                       November 2, 2023
                                       11:00 a.m.

Before:

                  HON. JOHN P. CRONAN,

                                       District Judge

                         APPEARANCES

DAMIAN WILLIAMS
    United States Attorney for the
    Southern District of New York
BY:  MITZI STEINER
    Assistant United States Attorney

THE GALLUCCI FIRM
    Attorneys for Defendant
BY:  MARIO GALLUCCI

Also Present:  Supervision Specialist Jonathan Lettieri

NBKBHEYC

1         (Case called)
2         MS. STEINER:  Good morning, your Honor.  Mitzi Steiner
3    for the government, and with me at counsel's table is Intensive
4    Supervision Specialist Officer Jonathan Lettieri.
5         MR. GALLUCCI:  Good morning, your Honor.  Mario
6    Gallucci appearing on behalf of Ms. Carazas-Pinez.
7         THE COURT:  Good morning.  We were last together in
8    July I believe for the defendant's arraignment.  Our next
9    status conference is scheduled for a couple of weeks from now
10   on November 20th.  I scheduled this conference when I received
11   a report from pretrial services.  And to explain why I wanted
12   to have this conference, which probably is obvious to everyone,
13   Ms. Carazas-Pinez was released by Judge Lehrburger on July
14   12th, pursuant to a number of conditions.  One of them is that
15   she not have intentional or prolonged unsupervised contact
16   directly or indirectly with any victim or child under the age
17   of 18 without prior permission of pretrial.
18         In addition, she's only permitted to have access to
19   one internet enabled device, and pretrial can monitor that
20   device.  It seems that from that monitoring, Ms. Carazas-Pinez
21   emailed a former student on literally the day of his 18th
22   birthday to wish him a happy birthday.  While maybe not
23   technically in violation of the conditions, it certainly seems
24   to fly in the face of the spirit of the conditions and was more
25   than a coincidence.  Given this is a presumption case, I did

NBKBHEYC

want to hear the parties as to, one, whether there are any recommended modifications to the conditions.  And maybe more importantly, since I was not the one who handled the presentment, should Ms. Carazas-Pinez be remanded given this is a presumption case.  So, Ms. Steiner, let me hear from you first.

      MS. STEINER:  Thank you, your Honor.  As your Honor noted, this is incredibly concerning conduct.  Not only because the defendant reached out to an individual the day after they turned legally from being a minor into an adult, but also because the conduct appears to follow the same pattern of the underlying conduct.  Which your Honor is aware involved the defendant's grooming of a 16-year-old student through electronic communications over a period of time, which then subsequently led to a series of hands-on offenses of sexual encounters with that minor.

      The defendant has had a conversation with pretrial services, has explained that these are former students of hers.  They appear, based on the communications, to be individuals who are over the age of 18.  The government is continuing to investigate the nature of that relationship and the identity of these individuals and whether or not they are themselves in fact victims.  As your Honor noted, this is a presumption case.  The government had not sought remand at the time of the presentment for a number of reasons in light of the defendant's

NBKBHEYC

particular circumstances and the strict conditions that were imposed.

However, this does raise very serious concerns for the government. And at a minimum, the government after conferring with pretrial services believes at minimum additional conditions which would prevent the defendant from having communications with former students irrespective of age, anyone who could be a witness in this case is necessary inappropriate. The government, as I mentioned, your Honor, is continuing to investigate the conduct at issue here, and I think would not seek remand at this time, but certainly reserve the right to bring additional information before the Court and seek remand at a future date if it were to come across, through the course of its investigation, additional information about the identity of these two individuals.

And certainly if the defendant were to continue to engage in said conduct after additional conditions were to be imposed, the government would seriously consider seeking remand at that time.

THE COURT: Before I go to Mr. Gallucci, let me ask pretrial services is there anything you would like to add?

MR. LETTIERI: No, your Honor. The government summarized pretrial service's position as well. Unless the Court has any specific questions about the violation memorandum or anything else related to the defendant's pretrial

NBKBHEYC

1   supervision, I'll rest on what the government has for the
2   Court.
3           THE COURT:  I guess my only question is -- and this
4   maybe implied in what you said, do you agree with the
5   recommendation that there be additional conditions to preclude
6   the defendant from having contact with any former students, and
7   anyone who could be a witness in this case?  There may be
8   overlap between those two categories, but do you agree with
9   that modification?
10          MR. LETTIERI:  Yes, your Honor.  There is already a
11  condition in place that the defendant not have any contact with
12  any witness unless in the presence of her counsel.  I don't
13  know if that specific provision is necessary.  But certainly
14  agree with the government and have conferred with assistant
15  U.S. attorney as well as defense counsel who I believe agrees
16  to this that a condition be added that she be prohibited from
17  any contact with former students.
18          THE COURT:  And you're right.  Number nine of
19  additional conditions mentions witnesses or victims unless in
20  the presence of counsel.  Let me also then ask, either pretrial
21  or the government.  Would that modification then as to former
22  students also have the caveat, unless in the presence of
23  counsel?
24          It would seem to me if a former student is a witness,
25  then that would be permitted in the presence of counsel.  I'm

NBKBHEYC

1    not sure if it would be needed if the person is not a witness.

2             MS. STEINER:  Your Honor, the government wouldn't have
3    any objection to limiting contact with former students to be in
4    the presence of counsel for those reasons.

5             THE COURT:  Mr. Gallucci, let me hear from you then.
6    What is the defendant's view on modifying the conditions to add
7    a condition that Ms. Carazas-Pinez is not to have intentional
8    and/or prolonged unsupervised contact?  Let me rephrase that.
9    That she is to have no contact with any former students unless
10   in the presence of counsel?

11            MR. GALLUCCI:  Good morning once again, your Honor.
12   Judge, I agree with the government.  I agree with Mr. Lettieri.
13   Although not a technical violation, it certainly was troubling
14   to me when I received this.  I have spoken to both of them this
15   morning, and I think that the modification they are seeking are
16   appropriate.

17            The only thing I would ask is if there is -- and I
18   don't see that right now as I'm looking through the discovery
19   that there's anybody that I would probably interview -- but I
20   just turned over another drive for more information that
21   Ms. Steiner is going to give me today, so I don't know what
22   that's going to reveal.  But that I be allowed to speak with
23   these people with Ms. Pinez and an investigator, or even, I
24   have a mitigation specialist in the matter, whether she could
25   be present also?

NBKBHEYC

1    THE COURT:  Would you be present in this scenario?
2    MR. GALLUCCI:  Yes, Judge, I would be present in
3 everything.
4    THE COURT:  That seems to me that it would be
5 permitted under the current conditions and the modification
6 that we're talking about.  Ms. Steiner, do you agree?
7    MS. STEINER:  Yes, your Honor.
8    MR. GALLUCCI:  We agree to the modification.  And I
9 also, once I heard from Ms. Pinez, strongly urged her to stop
10 all communication at that moment.  And I don't believe she's
11 had any anyway.
12    THE COURT:  Thank you.  I will make that modification
13 to the bail conditions.  Again, that modification will be that
14 the defendant shall have no contact with any former students
15 unless in the presence of counsel.  I do ask pretrial services
16 to keep me apprised on any further issues even if it seems like
17 a very minor issue that you normally might not tell the Court
18 about.  I certainly do want to know.  And I will say to the
19 defendant very frankly that reviewing the allegations in this
20 complaint, if there were a bail hearing before me, I'm not sure
21 I would release you.  I very well may remand you.  That's not
22 being requested by the government or pretrial services.  That
23 is not before me now.  But I'm telling you this because if
24 there are violations, the outcome very well may be that I will
25 not allow you to continue to be released on bail.

NBKBHEYC

             The allegations here are very serious.  They present
indications of a real danger to the community, and this is a
case where the presumption is for remand pending trial.  So
again, none of that is before me now, but I do think it's
important for me to emphasize to you that you need to take the
conditions of your pretrial release extremely serious.  Every
defendant does, but I think that's particularly the case for
you.

             In terms of the status update in this case, I know we
have a conference scheduled for November 20th.  Should we keep
that conference, or is there an update the parties want to give
now and then we set another conference?

             MR. GALLUCCI:  Your Honor, I spoke to Ms. Steiner this
morning, this morning, not prior to coming in here.  And I
asked her if it would be all right if we just accomplish
everything today in light of the fact that they just turned
over another device that she could provide more discovery.  I
believe the conversation that she had with me that there is
voluminous discovery that she's going to turn over to me.  I
don't know what it is.  I know what it is.  I just don't know
what it contains.  In light of that, I would ask that maybe we
adjourn that.

             THE COURT:  Ms. Steiner, what's the government's view
of adjourning the next conference?

             MS. STEINER:  Your Honor, the government doesn't have

NBKBHEYC

an objection.  I can explain briefly the production that the defense is referencing.  The government had produced all of the discovery that it had obtained to date.  It recently received back from the FBI an extracted copy of the defendant's devices which were seized pursuant to an authorized search warrant at the time of her arrest.  Because those devices contain CSAM or images that involved sexually explicit material of a minor, it took a fair amount of time to extract them in such a fashion where those images could be removed, and then the remainder could be produced to the defense.

Those images, those extractions are now available for production.  My understanding from our paralegal is, it is a fair amount of material given the sizeable nature of the devices, about 300 gigabytes.  In light of the fact that it has taken the government and the FBI a significant period of time to produce these extractions, perhaps longer than expected, the government certainly doesn't have an objection to postponing the next conference date.

THE COURT:  Mr. Gallucci, how long do you think would make sense for that adjournment?  Today of course is November 2nd.  Are you thinking mid-December?

MR. GALLUCCI:  Not knowing what's on there, and I am starting a trial the week of November 20, that should last about three weeks, would it be all right if I request a January date?

NBKBHEYC

1           THE COURT:  That is fine, with the only caveat being
2   that I have a couple of January trials scheduled.  So the first
3   week in January probably would be best unless we look at
4   scheduling it very early in the day at 9 a.m. or after the
5   trial day.  So January 4th, for example, at 11:30 might work.
6   Would that work for the parties?
7           MS. STEINER:  That works for the government, your
8   Honor.
9           MR. GALLUCCI:  Your Honor, Ms. Carazas-Pinez works.
10  The only day off she has is Wednesday, and she's happy that she
11  was able to get a job.  So if there's a Wednesday that's
12  available.  I come back from vacation on the 3rd.  I could try
13  to change a flight and get here earlier.
14          THE COURT:  If you don't mind it being later in the
15  month.
16          MR. GALLUCCI:  I don't mind at all.
17          THE COURT:  Why don't we do January 24th, then, at 2
18  p.m.
19          MR. GALLUCCI:  Perfect.
20          THE COURT:  And then at that conference I'll ask the
21  defense about the status of its review, and whether you plan to
22  file any pretrial motions.  And as appropriate, I'll set a
23  motion briefing schedule or possibly a trial date depending on
24  where we are.
25          MR. GALLUCCI:  Very good, your Honor.

NBKBHEYC

1        THE COURT:  Ms. Steiner, is there an application then?

2        MS. STEINER:  Yes, your Honor.  The government would
3   move to exclude time from now until January 24th of 2024 in the
4   interest of justice to allow the government to produce this
5   additional discovery production, as well as to allow the
6   defense to review that voluminous discovery with his client and
7   to discuss with the government any potential pretrial
8   dispositions.

9        MR. GALLUCCI:  Your Honor, I would consent to that
10  application.

11       THE COURT:  I will exclude time from today until
12  January 24th, 2024, pursuant to Title 18, United States Code,
13  Section 3161(h)(7)(A).  I find that the ends of justice served
14  by excluding such time outweigh the interest of the public and
15  the defendant in a speedy trial.  And those are for the reasons
16  Ms. Steiner mentioned, including for the government to make the
17  production of discovery, and for the defendant and her counsel
18  to continue to review the rather voluminous discovery in this
19  case.

20       Is there anything further we should take up then this
21  morning?

22       MS. STEINER:  Not from the government, your Honor.

23       MR. GALLUCCI:  No, your Honor.

24       THE COURT:  Thank you, I hope everyone stays well.
25  Thank you.  (Adjourned)