

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

September 16, 2025

**BY ECF**

The Honorable John P. Cronan
United States District Judge
Southern District of New York
500 Pearl St.
New York, NY 10007-1312

    Re:    *United States v. Carazas-Pinez*, 23 Cr. 346 (JPC)

Dear Judge Cronan:

    The Government respectfully submits this letter in advance of sentencing in this matter, which is scheduled for Friday, September 19, 2025 at 10 am. On September 1, 2025, the Court ordered that the parties should be prepared to address the following: (1) "whether restitution is mandatory under the provisions cited in the Presentence Investigation Report in light of Defendants offense of conviction"; and (2) "whether restitution is mandatory for Defendants offense of conviction under 18 U.S.C. § 2429." (Dkt. 51). As detailed below, the Government understands that restitution in this matter is mandatory under both Sections 3663A and 2429, but is not available under Section 2259.

    Further, the Government intends to seek restitution on behalf of the victim in this case, but is still conferring with the defense regarding the terms of a restitution order. The Government expects to provide the Court with a proposed order of restitution within thirty days of the date of sentencing. *See* 18 USC § 3664(d)(5).

    **A.  The PSR's Recommendation for Restitution**

    The defendant pled guilty to enticement of a minor, in violation of 18 U.S.C. § 2422(b). (PSR ¶ 5). On that basis, Probation recommended that restitution be imposed under both the Mandatory Victim Restitution Act of 1996 and the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018. (PSR ¶ 36). The Government addresses each provision in turn below.

    **1.  The Mandatory Victim Restitution Act of 1996**

    The Government agrees with Probation that the Mandatory Victim Restitution Act of 1996, codified at 18 U.S.C. § 3663A, is applicable to the offense of conviction. The statute states in relevant part that "[n]otwithstanding any other provision of law, when sentencing a defendant

convicted of an offense described in subsection (c), the court *shall* order . . . that the defendant make restitution to the victim of the offense . . ..” *Id.*(a)(1) (emphasis added). "For the purposes of this section, the term "victim" means a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered." *Id.*(a)(2). Subsection (c), in turn, states that the statute "*shall* apply in all sentencing proceedings for convictions of, or plea agreements relating to charges for, any offense . . . in which an identifiable victim or victims has suffered a physical injury or pecuniary loss." *Id.*(c)(1)(B) (emphasis added).

Here, since the offense of conviction involved the enticement of a minor victim, it is mandatory for the Court to order restitution for the victim under 18 U.S.C. § 3663A.

### 2. The Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018

By contrast, the Government understands that restitution is not available under the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018 for the instant offense of conviction. That statute, codified at 18 U.S.C. § 2259 states that notwithstanding Section 3663A, "the court *shall* order restitution for any offense under this chapter" where "the defendant was convicted of trafficking in child pornography." *Id.*(a), (b)(2). Trafficking in child pornography is defined as "conduct proscribed by section 2251(d), 2252, 2252A(a)(1) through (5), 2252A(g) (in cases in which the series of felony violations exclusively involves violations of section 2251(d), 2252, 2252A(a)(1) through (5), or 2260(b)), or 2260(b)." *Id.*(c)(3).

Here, the defendant's offense of conviction is child enticement, in violation of 18 U.S.C. § 2422(b). Since that statute is not one of the statutory provisions enumerated in Section 2259(b)(3), it does not appear to qualify for mandatory restitution under the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018. *Compare United States v. Hughes*, No. 23-6816, 2024 WL 4471487, at *1 (2d Cir. Oct. 11, 2024) (affirming mandatory restitution for conviction for receipt of child pornography under Section 2259 since that offense constitutes "trafficking in child pornography" under the statutory definition); *with United States v. Bevers*, No. 24-30266, 2025 WL 2238586, at *5 (5th Cir. Aug. 6, 2025) (finding defendant was "not convicted of conduct proscribed in any of the sections identified in § 2259(c)(3)" where defendant was convicted of production of child pornography, in violation of 18 U.S.C. § 2251(a)).

### B. Section 2429

The Court also inquired whether restitution is mandatory for the defendant's offense of conviction under 18 U.S.C. § 2429. The Government understands that restitution is also mandatory under Section 2429. Section 2429 provides for mandatory restitution— "[n]otwithstanding . . . Section 3663A"—for any offense under 18 U.S.C. Chapter 117. *See* 18 U.S.C. § 2429(a). Chapter 117, in turn, includes enticement of a minor, in violation of 18 U.S.C. § 2422(b). Accordingly, restitution is also mandatory for the instant offense of conviction under Section 2429.

The Government remains available to answer any further questions of the Court.

                                              Respectfully submitted,

                                              JAY CLAYTON
                                              United States Attorney

                               By:   /s                         
                                              Mitzi Steiner
                                              Assistant United States Attorney
                                              (212) 637-2284

Cc: All Counsel of Record (by ECF)